UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MALCOLM KELSO, ET AL**        **CIVIL ACTION NO. 12-CV-2756**

**VERSUS**        **JUDGE HAIK**

**CHRISTINE BUTLER, ET AL**        **MAGISTRATE JUDGE HANNA**

**Memorandum Ruling**
*(Rec. Doc. 35)*

Before the court is the Motion to Compel Discovery by Plaintiff which is opposed by Defendant [Rec. Doc. 44]. Oral argument was heard on July 23, 2013. For the reasons recited in open court and discussed further below, the motion is granted.

***Pertinent History:***

Plaintiffs filed suit on October 24, 2012 to recover sums they allege are owed to them from Defendants as a result of alleged breaches of agreements made during the business relationships among the parties. The matter is set for jury trial on October 7, 2013. The Scheduling Order set the discovery and dispositive motion deadlines at June 19, 2013.

On March 25, 2013, the interrogatories and requests for production that are the subject of this motion were propounded to the defendants. On June 4, the parties requested a telephone conference with the undersigned to address discovery

issues in advance of the fast-approaching discovery deadline; the conference was set for June 18, 2013. [Rec. Doc. 21] On June 7, Defendants filed a Motion to Extend Discovery Deadline and for Expedited Consideration of the Motion. [Rec. Doc. 22-23] The motion to expedite was granted, and the hearing on the motion was set for June 18, by telephone. During the conference, the court was made aware that Defendants had yet to respond to discovery, and defense counsel agreed to provide responses to the outstanding discovery by June 25, 2013. An Order issued to that effect the same date. [Rec. Doc. 29] The Order also required that the depositions of Plaintiff Kelso and Defendant Butler would be taken and completed July 15-16, 2013.

 With leave of court, the defendants filed an Amended Answer and Counterclaim on June 25, 2013. They also provided responses to the written discovery from the plaintiffs on that date. The responses were sparse at best, with each including "boilerplate" objections and claims of privilege, however, the responses did not comply with Fed. R. Civ. P. 26(b)(5) and no request for a protective order was ever made. The responses were considered inadequate by the plaintiffs, who, beginning June 28, 2013, sought to arrange an informal conference with counsel for the defendants per Fed. R. Civ. P. 37(a)(1). Defense counsel represented he was unavailable for all offered dates for the conference, and by July

9, 2013, plaintiff's counsel filed the motion before the court requesting expedited consideration. [Rec. Doc. 35-36] On the same date, Plaintiff filed a motion to continue the date for the deposition of the defendant, previously ordered by the court, with the request for expedited consideration on the basis he did not have the materials necessary to adequately prepare for the deposition.[Rec. Doc. 37-38] With notice to the court it was agreed that the deposition of Plaintiff Kelso would proceed as ordered on July 15, but the deposition of Defendant Butler would be postponed to allow for the court's consideration of the pending Motion to Compel.

### *Applicable Law and Discussion*

The plaintiffs assert in the motion that the responses received from the defendants some 90 days after discovery was propounded upon them are evasive and incomplete.[1] They urge that the objections lodged by the defendant to every discovery request are not timely made and are therefore waived, and that the defendants have not drafted a Privilege Log regarding their claims of privilege per the requirements of Rule 26(b)(5)(A). In response, the defendants assert that the plaintiffs have failed to comply with the 'good faith' effort requirement of Rule 37(a)(1) to conduct a conference to address the discovery dispute. They also argue

---

[1] Rule 37(a)(4) provides that evasive or incomplete answers or responses "must be treated as a failure to disclose, answer, or respond."

that the discovery requests are overbroad, irrelevant and/or seek privileged information.

Rule 37(a)(1) addresses the conference issue:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred **or attempted to confer** with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. (Emphasis added)

In the instant case, the discovery responses were at least 60 days past due, the parties had already discussed that fact during the June 18, 2013 telephone conference referenced above, and the parties faced a court-ordered deadline for depositions to be taken in Dallas, Texas. Counsel for plaintiffs made multiple efforts over several days to arrange for a discovery conference only to be met with what this Court finds to be **at best** less than a half-hearted attempt at cooperation. By July 9, counsel for plaintiff had no meaningful responses with which to prepare for the deposition of the defendant which was court ordered for July 16, thus, counsel for plaintiff did what he had to do to get the matter before the court - he filed the motion to compel. On these facts, it is the finding of the undersigned that the requisite good faith effort was made by the movant.

Rule 26(b)(5) sets out the requirements of a party claiming privilege or other protection from disclosure.

> ***Information Withheld.*** When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>     (i) expressly make the claim; and
>     (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Rule 26(c)(1) authorizes the court's limitation of the scope and conditions of discovery by issuance of a Protective Order, on the motion of the party seeking such relief and the showing of good cause.

In the instant case, the defendants have done nothing to avail themselves of the protections to which they claim entitlement under Rule 26. They have not drafted a Privilege Log, and they have not sought a Protective Order. They have simply refused to adequately respond to the discovery propounded to them. Based on the record referenced above and the applicable law, it is the finding of the undersigned that the responses made by the defendants are inadequate, and the Motion to Compel is GRANTED. Defendants shall have **ten (10) days** to amend their discovery answers and to make proper responses.

Aside from the fact the Defendants have failed to comply with the court's Order of June 18, 2013 [Rec. Doc. 29], since incomplete or evasive responses must be treated as a failure to answer or respond under Rule 37(a)(4) and the motion to compel has been granted, "the court must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees" unless any one of three exceptions apply. Fed. R. Civ. P. 37(a)(5). This Court expressly finds none of the exceptions apply.

Counsel for the plaintiffs has provided the Court with an affidavit of fees incurred in preparing the motion and attending the hearing in the amount of $1500.00 representing seven and one-half hours at $200.00 per hour. The "lodestar", which is the "most useful starting point" for determining attorney's fees is calculated by determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is presumed to produce a reasonable attorney's fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d

714, 717-19 (5th Cir.1974) to determine whether any upward or downward adjustments to the lodestar figure are warranted.

This Court is personally familiar with the fact that Mr. Campbell is a senior partner in his law firm with many years of experience. The hourly rate is less than rates recently accepted in this district. See *Wells Fargo Home Mortgage v. Rodriguez*, 2012 WL 393319 (W.D. La. Feb. 6, 2012).  However, the defendants shall be given 10 days to make any objections to the proposed attorney's fee submitted by counsel for the plaintiff.

Signed at Lafayette, Louisiana, this 25th day of July, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge