UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

| | |
|---|---|
| **MALCOLM KELSO, ET AL** | **CIVIL ACTION NO. 12-CV-2756** |
| **VERSUS** | **JUDGE HAIK** |
| **CHRISTINE BUTLER, ET AL** | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM RULING**

Before the undersigned  is the Motion to Compel Discovery and for Contempt [Rec. Doc. 83] by Plaintiff Malcolm Kelso. Oral argument was initially held beginning February 25, 2014.  Based on the representations and arguments made, the undersigned ordered that the hearing would be recessed to allow for the in-person appearances by Plaintiff Malcolm Kelso and Defendant Christine Butler before the court.  The hearing resumed on February 26, 2014, at which time the parties agreed to a face/face Rule 26 conference in an attempt to settle their ongoing discovery disputes.  They were instructed to contact the court should there be further conflict. [Rec.Doc. 102]

A telephone conference was convened on July 16, 2014 to revisit the narrowed, but unresolved discovery issues, which were recently re-briefed by the parties [Rec. Docs. 129, 138]. At that time the discovery issues between the parties were reduced to seven categories of materials sought by the plaintiff: (1) the fee bills of attorneys Minyard, Trowbridge and Bates relative to work on the property/projects/interests at issue in this litigation; (2) the files of Newman Trowbridge relative to the property/projects/interests at issue in this litigation; (3) the geologist's files relative to the property/projects/interests at

issue; (4) the letter identified as DMSA 0898, with referenced attachments; (5) the letter from the Carmouche law firm to Butler regarding Kelso, with attachments; (6) the accounting files relative to the property/projects/interests at issue; and (7) the promissory notes secured by mortgages on/related to the property/interests at issue.

Based on the court's review of the multiple submissions of the parties, their oral arguments, and the applicable law, the plaintiff's Motion to Compel Discovery and for Contempt [Rec. Doc. 83] is GRANTED in part and DENIED in part in the following particulars.

As to Categories 1 and 2, the plaintiff seeks production of attorney bills and files from the offices of attorneys Newman Trowbridge and Charles Minyard regarding property and projects in which Kelso had an interest. Per the plaintiff, Kelso owned a mineral interest in the development of the property and paid for that interest and also shared proportionately with the other partners in the expenses of the development, including attorney fees. The defendant disputes the extent of that interest and whether the referenced attorneys ever had an attorney/client relationship with Kelso sufficient to warrant the production of the requested documents, some of which they have acknowledged they possess. Therefore, the Court will order production **within ten days** of all documents responsive to Categories 1 and 2 for *in camera* inspection by the undersigned. Upon inspection of the documents, the court will issue a supplemental ruling, as/if appropriate.

<u>As to Category 3</u>, the parties acknowledge that the requested materials are in possession of a third party, Richard Boyce, who is not a party to this litigation, but who the parties agree can be located in Dallas, Texas.  The materials are therefore accessible to the plaintiff directly from the custodian by subpoena per Rule 45.  The motion is therefore DENIED as to this category.

<u>As to Categories 4 and 5</u>, the parties have confirmed that the letter identified as DSM 898 and described to be a letter from attorney Charles Minyard to attorney James Williams, with the Bates and Bullen law firm has been produced.  The attachments referenced within the letter have not been produced.  On the representation by defense counsel that it does not possess the referenced attachments and "never had them," the motion is DENIED as moot as to this category.  The motion is also DENIED as to the letter described in Category 5 as a letter with attachments from the Carmouche law firm to the defendant Butler, which letter the Court finds to have no relevance to this litigation.

<u>As to Category 6</u>, the plaintiff has acknowledged that the described accounting files were produced by the defendant, with issues remaining as to the Bates-numbered pages of 0485-0490, 0556-0561, and 0591-0594.  Plaintiff complains that these pages are either missing from the production, or contain unexplained redactions.  Defendant maintains that the documents have been produced.  To the extent all pages have not been produced, the motion is GRANTED as to those unproduced pages in the possession of the defendant. As to the redactions, the defendant shall produce unredacted pages for *in camera* inspection

by the undersigned **within ten days**, after which a supplemental ruling will be issued as/if appropriate.

As to Category 7, calling for production of promissory notes secured by mortgages on the property/interests at issue in this litigation, the motion is DENIED as the Court finds there was not a formal document request seeking these documents to which a motion to compel would be addressed. However, if such a request was made, the docuemnts are relevant and discoverable, and therefore, the defendant is encouraged to voluntarily produce the requested documents without further delay.

Because the subject motion is GRANTED in part and DENIED in part, no attorney fees or costs will be awarded. The request to hold the defendant in contempt is DENIED.

Signed at Lafayette, Louisiana, this 29th day of July, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge