

RECEIVED

JAN 2 0 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MALCOLM KELSO et al | CIVIL ACTION NO. 12-2756 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHRISTINE A. BUTLER et al | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion for Partial Summary Judgment filed on behalf of Plaintiff Malcolm Kelso d/b/a Irontree Group.[1] [Doc. #173]. Defendants, Christine A. Butler, Christine A. Butler, P.A., Humble Holdings, LLC, Margaret Humble Lantz Family, LLC, Hebert Family Holdings, LLC, Humble Woods, LLC, and Velma Humble Hebert (collectively, "the Humbles") oppose the motion. [Doc. #175].

In the instant motion, Plaintiff claims that Defendants' fraud counterclaim is barred by Louisiana's one-year prescriptive period for fraud claims arising in tort. The Defendants argue that their fraud claims sound in contract rather than tort and are thus subject to a five-year prescriptive period. Alternatively, the Defendants argue that, regardless of whether the fraud claim is prescribed, the instant motion must be denied because the Defendants are nevertheless entitled to use fraud as an affirmative defense under Federal Rule of Civil Procedure 8(c)(1) and Louisiana Code of Civil

---

[1] At the time of the filing of the instant motion for partial summary judgment, Plaintiff was represented by counsel who has since withdrawn from the case. Plaintiff now proceeds *pro se*. However, because corporations and LLCs cannot appear in federal court without representation of counsel, A & H Oil Interest, LLC has abandoned its position in this litigation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam) (citing *Rowland and Southwest Express Co., Inc.*)(corporations, partnerships and associations may not appear in federal court unless represented by an attorney); *U.S. v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (rationale applies to limited liability companies as well); *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007)(same).

Procedure article 424.

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986). Considering the foregoing standards and the complexity of this matter, the Court finds that genuine disputes of material fact remain, such that Plaintiff is not entitled to partial summary judgment. Additionally, the Defendants are generally correct in stating that, under Louisiana law, a prescribed claim may be used as a defense to an obligation. *See* La. Code Civ. Proc. art. 424; *Anding v. Anding*, 32,084 (La. App. 2 Cir. 8/18/99); 740 So.2d 253, 257 (citing *Dixie Building Materials Co., Inc. v. Bob L. Whittington & Associates, Inc.*, 588 So.2d 78 (La. 1991)). Accordingly, the Motion for Partial Summary Judgment [Doc. #173] is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of January, 2015.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE